UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
WILLIAM CAROLAN,

                Petitioner,                        MEMORANDUM & ORDER
                                                            10-CV-1440 (RRM)(LB)

    - against -

JEAN G. KING, Superintendent, Eastern
Correctional Facility,

                Respondent.
----------------------------------------------------X
MAUSKOPF, United States District Judge.

Petitioner *pro se* William Carolan brings this second 28 U.S.C. § 2254 *habeas corpus* petition to challenge a July 20, 1996 New York State conviction for attempted murder. This Court's review of the record indicates that Petitioner previously challenged his 1996 New York State conviction by means of a prior 28 U.S.C. § 2254 *habeas corpus* petition, filed February 27, 2001 (see, 01-CV-1230(JBW), docket no. 1). That petition ultimately was denied on the merits in a written Memorandum, Order and Judgment issued August 29, 2003 (see, 03-MC-0066(JBW), docket no. 219). Respondent, by the Office of the District Attorney, Kings County, therefore seeks dismissal or transfer of the instant petition, No. 10-CV-1440(RRM)(LB), as an impermissible, successive petition lacking authorization by the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). This Court concurs with Respondent. Accordingly, for the reasons set forth below, Respondent's motion to transfer the petition to the United States Court of Appeals for the Second Circuit is GRANTED.

Title 28, section 2244(b), of the United States Code sets forth the requirements for bringing a second or successive § 2254 petition. This subsection provides, inter alia, that "before

the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (citing 28 U.S.C. § 2244(b)(3)). Since there is nothing to suggest that petitioner has moved in the Court of Appeals pursuant to § 2244(b)(3)(A) for an order authorizing this Court to consider this second or successive habeas corpus application or that the Second Circuit has granted petitioner's motion, this Court cannot consider the instant petition. However, in accordance with the procedure set forth in *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), this Court will not dismiss this action, but will transfer this petition to the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. *Cf. Rivera v. Bert*, No. 05-CV-4976, 2005 WL 3240432, at *2 (E.D.N.Y. Nov. 30, 2005).

## CONCLUSION

For the reasons set forth above, the Clerk of Court is hereby directed to transfer this petition to the United States Court of Appeals for the Second Circuit. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Upon transfer of this petition, the Clerk of Court shall close this case. The Clerk of Court shall also mail a copy of this Memorandum & Order to Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      July 19, 2010

/S/
ROSLYNN R. MAUSKOPF
United States District Judge